POLSINELLI PC
Jason A. Nagi
Morgan C. Fiander
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
jnagi@polsinelli.com

*Attorneys for Alleged Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MANOLO BLAHNIK USA, LTD.,<br><br>Alleged Debtor. | Case No. 20-11102-mg<br><br>Chapter 7 |

### DECLARATION OF DENNY RODRIGUEZ IN SUPPORT OF ALLEGED DEBTOR'S MOTION TO DISMISS THE INVOLUNTARY PETITION

I, Denny Rodriguez, declare under penalty of perjury, that the following is true and correct:

1. I am the Comptroller at Manolo Blahnik USA, Ltd. ("**MBUSA**") and have held this position since March 2017. I am familiar with the issues in the case based on my personal involvement in the matter and my review of the information and documents kept in the regular course of business at MBUSA.

2. In 2019, MBUSA declined to renew its licensing agreement with Manolo Blahnik International, Ltd. ("**Parent**"). Parent then created a new entity to which it granted the licensing agreement for the United States: Manolo Blahnik Americas, LLC ("**Affiliate**").

3. Throughout 2019, MBUSA continued in its normal course of business in ordering Manolo Blahnik shoes from its factory, Calzaturificio Re Marcello S.R.L. ("**Creditor**"), and supplying those shoes to retailers.

4. In June 2019, Neiman Marcus placed an order with MBUSA for a collection of shoes, and MBUSA then placed the order for the production of the shoes with Creditor. Creditor shipped the collection to MBUSA between October 15, 2019 and December 15, 2019. MBUSA shipped the collection to Neiman Marcus and sent invoices to Neiman Marcus.

5. On or about November 3, 2019, MBUSA sent Neiman Marcus a purchase order in the amount of $721,893.00 for shoes shipped to Neiman Marcus in November and December, 2019. After approved deductions, on January 9, 2020 Neiman Marcus paid MBUSA $601,741.90.

6. On or about December 19, 2019, MBUSA issued Neiman Marcus a purchase order in the amount of $790,740.75 for shoes shipped during the months of October through December 2019 (the "**Unpaid PO**").

7. On February 14, 2020, I sent an email on behalf of MBUSA to Neiman Marcus requesting payment of the Unpaid PO that was more than thirty (30) days past due. Neiman Marcus informed me that the payment was on hold due to a dispute over a credit that they sought from MBUSA for approximately $38,000.00 worth of returned men's shoes. It was common practice by Neiman Marcus to withhold full payment on a purchase order if there were any irregularities, such as a disputed credit. MBUSA was not aware of any credit or other irregularity.

8. I learned from the Neiman Marcus buyer, Stephen Cross that this return was authorized by Andrew Wright ("**Wright**"). A copy of this email is attached hereto as **Exhibit A**. Wright used to work for Parent and had since become the President of Affiliate. Wright has never been affiliated with MBUSA and had no authority to act on behalf of MBUSA.

9. MBUSA was never contacted by Neiman Marcus nor Affiliate regarding the return of these shoes. MBUSA never authorized any return of shoes by Neiman Marcus.

73922464.1

10. It was obvious to Affiliate that they authorized a return of MBUSA merchandise because, at that time, Affiliate did not have a license to sell shoes to Neiman Marcus so it could not have authorized the return of any of its own shoes.

11. The only reason Affiliate authorized Neiman Marcus to return these shoes was to incur favor with Neiman Marcus as Affiliate would be selling shoes to it moving forward.

12. If Affiliate had not interfered and improperly authorized this return, MBUSA would have been paid in full.

13. MBUSA entered into a Transition Deed with Parent and another entity in the Manolo Blahnik family, Manolo Blahnik Worldwide Limited ("**Worldwide**"). We addressed the rights and responsibilities as MBUSA began to wind down operations as the licensing agreement ended. A true and correct copy of the cover page, relevant sections, and signature page of the Transition Deed are attached hereto as **Exhibit B**.

14. Certain requirements in the Transition Deed included that we send calls and emails to a phone number that directly led to Andrew Wright, send a daily tally of inventory, and return all samples, drawings, and other Manolo Blahnik materials to Parent. Wright was directly involved in this, sending me emails regarding the return of shoe samples, the return of outstanding Manolo Blahnik branded materials, and requesting the final daily tally. Further, in an automatic out of office reply, Wright identified that he represents the EMEA, APAC, and Americas regions, and retail sales for London, Paris, and Geneva. True and correct copies of these emails are attached hereto as **Exhibits C, D, E**, **and F**.

15. Even though he and Affiliate were not official parties to the Transition Deed, he was involved and included in it and it was for the benefit of Affiliate. Wright has the same domain name in his email address as employees of Parent.

73922464.1

16. Neiman Marcus filed for bankruptcy on March 18, 2020. It closed all of its stores and reduced operations, which impacted its business. A copy of the Declaration of Neiman Marcus CRO, Mark Weinstein, is attached hereto as **Exhibit G**.

17. Affiliate is listed as a creditor of Neiman Marcus, but MBUSA is not, despite Neiman Marcus still owing MBUSA $790,740.75.

18. On March 10, 2020, Creditor demanded the outstanding payment from MBUSA. In this demand email, Creditor copied Georgina McManus, Global General Counsel for Parent ("**McManus**"). McManus asked MBUSA why payment had not been remitted. I informed her that it was due to Neiman Marcus holding back nearly $800,000.00 in payment to MBUSA because of the negotiations between Neiman Marcus and Affiliate. I told her we MBUSA could not pay Creditor until those funds were released.

19. McManus sent me another email demanding that MBUSA pay Creditor immediately, and that it did not matter what other negotiations were ongoing as we owed them a debt. McManus sent me another email on March 25, 2020, informing me that she had been instructed to obtain payment through all legal channels and that if it was not received by March 27, 2020, and she would commence legal proceedings. No one from Creditor was engaged in these email discussions; McManus was speaking for them and Parent throughout. A true and correct copy of this entire email chain is attached hereto as **Exhibit H**.

20. The Manolo Blahnik website lists all stores throughout the world, including one "coming soon" in New York City in 2020. A copy of the website is attached hereto as **Exhibit I**. The New York Secretary of State lists Affiliate and two other entities as licensed to do business in New York, and all have the same address. A true and correct copy of the information from the Secretary of State's website is attached hereto as **Exhibit J**.

73922464.1

21. MBUSA disputed the debt with McManus and Parent when it explained that the failure to pay Creditor resulted directly from Affiliate's interference, as that interference caused Neiman Marcus to withhold nearly $800,000.00 from MBUSA.

22. In dealing with Parent, Affiliate, and Creditor, it seemed as though they were all one entity acting on behalf of each other at all times, including when they, as the Manolo Blahnik corporate family, interfered with MBUSA's relationship and contract with Neiman Marcus.

23. Creditor, Parent, and Affiliate acted together for the benefit of the Manolo Blahnik corporate family and to the detriment of MBUSA. They are aware of MBUSA's dispute as to the debt alleged.

24. The only reason MBUSA has not paid Creditor is because Affiliate, and therefore Parent and Creditor, directly caused Neiman Marcus to withhold the payment to MBUSA that would have been used to pay Creditor.

[ *Remainder of Page Intentionally Left Blank* ]

Dated: June 23, 2020  By: _____
       New York, New York  Denny Rodriguez
                                                     Manolo Blahnik USA, Ltd.